FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 DEC 17 PM 2:59

U.S. DISTRICT COURT
N.D. OF ALABAMA

JOYCE WYATT,

 Plaintiff

vs.

TYSON FOODS, INC. and
PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,

 Defendants

CIVIL ACTION NO.

97-AR-3115-M

ENTERED

DEC 17 1997

## MEMORANDUM OPINION

The court has for consideration the motion of Joyce Wyatt ("Wyatt"), plaintiff in the above-entitled cause, to remand her case to the Circuit Court of Etowah County, Alabama, from whence it was removed by defendant, Provident Life & Accident Insurance Company ("Provident").

There are at least three reasons that, in the aggregate, or in the alternative, require the remand of the case.

First, this court does not believe that less than <u>all</u> of an action can be removed from a state court to a federal court. The mere fact that the state court judge here severed Wyatt's Count I (a workers' compensation claim) from her Count II (dismemberment insurance claim) did not create an opportunity for the defendants to remove Count II alone. The basis for removal jurisdiction here is the alleged existence of a federal question under 28 U.S.C.

1

§ 1331, a section that indirectly implicates 28 U.S.C. § 1441(c). The latter statute provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the <u>entire case</u> may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

(emphasis supplied). Although this statute is somewhat ambiguous when applied to the present procedural facts, removal statutes are to be construed strictly against removability. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As thus construed, the only proper procedure here was for the removing parties to remove the <u>entire case</u>, including the non-removable workers' compensation claim stated in Count I, and thereafter to expect this court to remand Count I, something that routinely would have been done pursuant to 28 U.S.C. § 1445(c), as was done only recently by this very court in *Garmany v. Bostrom Seating, Inc.*, CV 97-AR-2539-E. *See also Newton v. Coca-Cola Bottling Co. Consol.*, 958 F. Supp. 248, 250-251 (W.D. N.C. 1997); *Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 248, 20 S. Ct. 854 (1900).

Second, during oral argument on the motion to remand, Wyatt pointed out that if her Count II is truly "related to" an ERISA plan, as claimed by Provident, then Wyatt's employer, Tyson Foods, Inc. ("Tyson Foods"), which is the plan sponsor and the plan administrator, is either a proper party defendant or an

2

indispensable party defendant. And yet, Tyson Foods did not join in the removal. Tyson Foods clearly was named as a defendant in the original complaint. If Wyatt's complaint "relates to" ERISA, despite her disclaimer, then all potential ERISA targets named by her as defendants were required to join in the notice of removal. 28 U.S.C. § 1446(b); *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349,* 427 F.2d 325, 326-327 (5th Cir. 1970). Because Tyson Foods did not join in the removal, and because Provident made no effort to explain its non-joinder, Wyatt's motion to remand is due to be granted simply by indulging Provident's assumption that ERISA preemption provided a basis for removal.

Third, the procedure for removal set forth in 28 U.S.C. § 1446(a) requires that a copy of all "process" served on all defendants be included in the notice of removal. Provident's notice of removal does not contain a copy of the original summons addressed to Tyson Foods.

The court, of course, agrees with its earlier expressions in ERISA removals that a party who removes a case based on ERISA's "super preemption" is obligated to demonstrate in the notice of removal itself the actual existence of a viable ERISA plan. This requires more than simply crying "ERISA." In order to avoid the "well-pleaded complaint" rule, a removing defendant, if it depends on ERISA when there is no mention of ERISA in the state court complaint, must expend serious effort to demonstrate by careful

3

allegations of fact the existence of a qualified ERISA plan.  This requirement is no more than a restatement of the obvious, namely, that the removing defendant has the burden of proving federal removal jurisdiction.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35 (1921).  This showing is easier to make when the jurisdictional facts appear on the face of the "well-pleaded complaint."  *See Hensley v. Philadelphia Life Ins. Co.*, 878 F. Supp. 1465 (N.D. Ala. 1995).  From the papers attached to Provident's notice of removal, Provident has probably passed the threshold for alleging the existence of an ERISA plan as to which Wyatt is a participant or beneficiary and as to which Provident and Tyson Foods are fiduciaries.  Provident attached to its notice of removal every piece of paper imaginable, and then some.  The word "ERISA" is featured in these papers.  Fortunately, state courts have concurrent jurisdiction with the federal court over ERISA claims, so the same state court judge can preside over Wyatt's Count I and Count II.

An appropriate, separate order of remand will be entered.
DONE this __17th__ day of December, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE